UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILLWRIGHTS' LOCAL 1102
SUPPLEMENTAL PENSION FUND,
ET AL.,

                No. 07-15150

       Plaintiffs,            District Judge Avern Cohn

v.                                 Magistrate Judge R. Steven Whalen

MERRILL LYNCH, PIERCE, FENNER &
SMITH, INC.,

       Defendant.
_____/

**OPINION AND ORDER**

Before the Court is Defendant's Motion for Protective Order [Docket #20]. For the reasons set forth below, the motion is GRANTED IN PART AND DENIED IN PART.

**I. BACKGROUND**

Plaintiff filed this action against its former investment consultant, Defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch"), alleging violations of ERISA, breach of contract and breach of fiduciary duty, flowing out of Defendant's recommendation that Plaintiff invest in AA Capital Partners, Inc. ("AACP"). The Securities and Exchange Commission commenced an action in the Northern District of Illinois alleging that AACP and its former president, John A. Orecchio, defrauded clients by misappropriating over $10 million in client funds. *United States Securities and Exchange Commission v. AA Capital Patners, Inc. and John A. Orecchio*, N.D. Ill. No. 06-cv-4859. In addition, John Orecchio was charged by criminal information with fraudulently misappropriating some $24 million in funds owned by AACP's ERISA plan investors. *United States v. John Orecchio*, N.D. Ill. No. 09-CR-622; Defendant's Exhibit

-1-

3. Plaintiff alleges that Defendant "failed to disclose its conflicted position with its August 2004 recommendation that [Plaintiff] hire AA Capital Partners, Inc." Plaintiffs' Response, Docket #26, p.1.

The Defendant seeks a general protective order that would provide a mechanism for protecting confidential material and information that is exchanged in discovery, and for designating such information as confidential. The Defendant's proposed protective order is attached to this motion as Exhibit 1. More specifically, Defendant seeks protection for the following material requested by the Plaintiff:

| | |
|---|---|
| Request #30 | All documents that relate to any Merrill Lynce review of AACP [AA Capital Partners] at any time for any Merrill Lynch clients. |
| Request #52 | All documents that relate to communications between Merrill Lynch and W. Ralph Mabry regarding AACP. |
| Request #86 | All documents related to any Merrill Lynch policies and/or standards pertaining to ethics, conflict of interest, client disclosures, and fiduciary duties, that apply to Merrill Lynch employees. |
| Request #87 | All documents related to Merrill Lynch's adoption of an Investment Advisor Code of Ethics. |
| Request #88 | All documents related to Merrill Lych "Principles" and "Client Commitment." |
| Request #89 | All documents related to a Merrill Lych booklet entitled "Guidelines for Business Conduct." |

Plaintiffs object to both the specific claims of confidentiality listed above, and the scope of the general protective order as it relates to future discovery.

## II. GENERAL PRINCIPLES RE: PROTECTIVE ORDERS

Fed.R.Civ.P. 26(c) provides that for good cause shown, a court may issue an order

"to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The Court may specify the terms of production, limit disclosure, require that documents be filed under seal, or take any other action that effectuates the purposes of Rule 26(c). The decision to grant a protective order is entrusted to the Court's discretion. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

Under Rule 26(c), the granting of a protective order requires a showing of good cause. The burden of establishing good cause for such an order rests with the movant, but such discretion is "limited by the careful dictates of Fed.R.Civ.P.26." *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219, 227 (6th Cir.1996); *see also General Dynamics Corp. v. Seib Mfg. Co.,* 481 F.2d 1204, 1212 (8th Cir.1973), *cert. denied,* 414 U.S. 1162 (1974).

Where a protective order limits the disclosure of pretrial discovery materials, "such orders are not subject to a high (First Amendment) level of scrutiny." *Dubai Islamic Band v. Citibank, N.A.*, 211 F.Supp.2d 447, 450 (S.D.N.Y. 2001), *citing Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).[1] However, a stricter standard is applied where a party seeks to seal documents that are to be filed with the court. In that case, there is a strong presumption, grounded in both the First Amendment and the common law, that such filings should be open to the public. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177-79 (6th Cir. 1983); *Meyer Goldberg, Inc.* v *Fisher Foods, Inc.*, 823 F.2d 159, 163 (6th Cir. 1987). While protective orders and sealing orders for court documents are permissible under the First Amendment, *Dow Chemical*

---

[1] *Rhinehart* held that restricting disclosure of discovery material on a showing of good cause does not offend the First Amendment, so long as the order "is limited to the context of pretrial civil discovery and does not restrict the dissemination of information if gained from other sources...." *Id*. In the present case, Defendant agrees to a provision whereby information acquired from other sources is not subject to the protective order.

*Company v. Reinhard*, 2007 WL 3379688, *4 (E.D. Mich. 2007), citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984), the "good cause" standard of Rule 26(c) does not suffice. Rather, the party seeking to seal documents must show "compelling reasons." *Meyer Goldberg, supra*, 823 F.2d at 163.

### III. DISCUSSION
#### A. Specific Discovery Requests

1. Request #30

Plaintiff seeks documents relating to Merrill Lynch's clients other than Plaintiff. Defendant bases its request for a protective order on (1) the Gramm-Leach-Bailey Act ("GLBA"), 15 U.S.C. § 6801, and (2) Fed.R.Civ.P. 26(c)(1)(G).

Defendant argues that GLBA privacy restrictions apply only to "consumers and customers" who are individuals, and not to corporate entities such as Merrill Lych. *See* 16 C.F.R. § 3113.3(e)(1), defining "consumer" as "an individual who obtains or has obtained a financial product or service that is used primarily for personal, family or household purposes." Plaintiff, on the other hand, relies on *Chao v. Community Trust Co.*, 474 F.3d 75 (3rd Cir. 2007), where the Third Circuit held that a trust was a "consumer" for purposes of GLBA.

*Chao* would appear to conflict with the Federal Trade Commission's commentary stating, "The Commission agrees with the commenters who conclude that, when a financial institution serves as a trustee of a trust, neither the grantor nor the beneficiary is a consumer or customer under the rule. Instead, the trust itself is the institution's 'customer' and, therefore, the rule does not apply because the trust is not an individual." Federal Register/Vol. 65, 101/May 24, 2000/Rules and Regulations 33646 at 33652. However, the determining factor in *Chao* was the trust's status as the legal representative

of the beneficiaries:

> "Our analysis of the situation leads us to the following conclusion: REAL VEBA serves as a legal representative of its beneficiaries and this role is sufficient to qualify REAL VEBA as a 'consumer' of CTC under the GLBA if the plan beneficiaries are 'individuals who obtain services from CTC.'" *Id*., 474 F.3d at 85.

Here, Merrill Lynch is not a legal representative. I therefore find *Chao* distinguishable and the FTC's commentary persuasive. Merrill Lynch is not an individual, and hence not a consumer or customer, so it has no privacy protection under GLBA.

Rule 26(c)(1)(G) is another story. That Rule provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including...requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." The Defendant has shown good cause for a protective order under this Rule. Financial information relating to non-parties is entitled to protection. And while Plaintiff offers that names and amounts may be redacted, Defendant notes that to do so would not only be burdensome and time-consuming, but would render the information meaningless. Moreover, Defendant states that it has a contractual relationship with its customers requiring confidentiality.

In *Dubai Islamic Bank v. Citibank, N.A., supra*, the court found good cause to issue a protective order as bank account records of non-party Citibank clients. The same remedy is appropriate here. Plaintiff is not precluded from receiving this information, but must not disclose it outside the context of this litigation, and must treat it in accordance with the protective order discussed below.

2. Request #52

Plaintiff seeks communications between Merrill Lynch and Ralph Mabry

-5-

concerning AACP. Mabry is the former Executive Secretary-Treasurer of the Michigan Regional Council of Carpenters. He was convicted in the Eastern District of Michigan of an unrelated Taft-Hartley Act violation, and is identified in another Justice Department indictment as a Carpenter's Pension Fund chairman who engaged in AACP kickback schemes. *See* Plaintiff's Exhibit 11. Defendant does not claim that Mabry was its client. Indeed, in discovery, Merrill Lynch sought information from Plaintiffs regarding Mabry. *See* Plaintiff's Exhibits 13 and 14. I see no basis for giving confidentiality protection to Defendant's communications with Mabry; Request #52 will therefore not be subject to a protective order.

Request #86 to #89

These requests relate to all internal Merrill-Lynch documents regarding ethics and conflicts policies. Obviously, any information that Merrill Lynch has made publicly available will not be subject to a protective order. However, internal memoranda, communications, etc. that have not been publicly disclosed qualify as trade secrets and/or proprietary information that is entitled to protection. *See Islamic Bank of Dubai, supra*, 211 F.Supp.2d at 449 (giving confidentiality protection to "Citibank anti-money laundering compliance policies and procedures" and "documents that deal with bank-to-bank wire transfer security procedures, with respect both to proprietary and non-proprietary electronic banking systems").

### B. General Protective Order

In the parties' Joint List of Unresolved Issues [Docket #30], the following provisions of Defendant's proposed protective order (Defendant's Exhibit #1 to the present motion) are in dispute.

Paragraph 5

Defendant's definition of "confidential material" cites the language of Rule 26(c)(1)(G) regarding trade secrets or other confidential business, commercial, financial marketing or competitive information. It is appropriate to cover all of these categories are by a protective order.  However, the definition becomes overly broad by including "regulatory" material, which is not included within Rule 26(c)(1)(G).  In addition, while, as discussed above, information relating to other clients of Merrill Lynch is entitled to protection, information as to "other third parties" is overbroad.

Therefore, ¶ 5 of the Defendant's proposed protective order will strike the terms "regulatory" and "other third parties."

Paragraph 2

This provides that non-parties may avail themselves of the protective order. This provision is unnecessary. If a non-party claims some privilege or confidentiality protection in response to a subpoena, Fed.R.Civ.P. 45(c)(3) provides a remedy for quashing or modifying the subpoena. Non-parties are not entitled to circumvent Rule 45 or to remedies that deviate from those set forth in Rule 45.  Paragraph 2 of Defendant's proposed protective order shall be stricken.

Paragraph 25

This paragraph provides that any document containing confidential material must be filed under seal.  Plaintiff objects to this provision, correctly noting that a higher First Amendment standard exists for filing documents under seal.  However, as long as a procedure is in place for challenging a confidentiality or sealing designation, and as long as that procedure appropriately allocates the burden of justifying sealing, Paragraph 25 is acceptable.  I addressed this issue in *White v. CG Services, Limited Partnership*, 2007 WL

174503 (E.D. Mich. 2007):

> "[C]ontrary to the Plaintiff's objections, nothing in the Defendants' proposed protective order shifts the burden of proof or alters the standard of proof for sealing court documents. Plaintiff confuses the 'burden'–if one can call it that–of *filing* a motion or objection with the allocation of the actual burden of proof when the motion is heard. The latter does not change; if the Plaintiff files an objection to the Defendants' designation of confidential discovery material, the Defendants still have the ultimate burden of demonstrating "good cause" under Rule 26(c). If the Defendants file documents under seal in conjunction with a dispositive motion or at trial, the Plaintiff may be required to file a motion, but the burden remains with the Defendants to show compelling reasons to seal court documents. This is analogous to a motion to suppress a criminal defendant's confession. The defendant files a motion to suppress, but the burden remains on the prosecution to prove the voluntariness of the confession. *See North Carolina v. Butler*, 441 U.S. 369, 373, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979); *United States v. Ostrander*, 411 F.3d 684, 696 (6th Cir. 2005)."

Paragraphs 15, 16 and 17 of the Defendant's proposed order provide a mechanism for resolving objections to designation of material as confidential, including informal agreement ( ¶ 15), and seeking relief from the court by motion ( ¶ 16). Importantly, ¶ 17 provides that "[i]n any proceeding to determine the propriety of a designation of information as Confidential, the Supplying Party shall have the burden of proving that the information is entitled to be treated as Confidential Material."

However, ¶ 15, as proposed, directs the objecting party to "limit[] its objections only to Confidential Material that the objecting party has a good-faith need to use or disseminate outside the terms of this Protective Order." This provision improperly places the burden on the objecting party to justify its need to freely disseminate the information, when the burden is more properly on the producing party to justify its need for protection. Therefore, the last sentence on ¶ 15 will be stricken.

That said, ¶ 25 (filing confidential material under seal) will be included in the protective order. However, the order will make it clear that ¶¶ 15-17 apply not only to the initial designation of material as confidential, but to any objections to sealing confidential

material that is filed with the court. As discussed above, and as a matter of law, the burden on the supplying party is higher when the issue is sealing.

Paragraph 10

This deals with post-production designation of material as confidential. While the parties should know before production which material is confidential, the Court realizes that inadvertent production sometimes occurs. For example, Fed.R.Civ.P. 26(b)(5)(B) provides for post-production challenges to privileged material. Therefore, I find that ¶ 10 is appropriately included in the protective order, with one exception: any reference to non-parties shall be removed. This provision, as well as the entire protective order, will apply only to parties.

Paragraph 18

The last sentence of this paragraph (which is rather confusingly worded) places a notification requirement on any party who receives a subpoena to produce confidential material in another action, directing that the party who originally produced the confidential material be notified of the subpoena, and that the material not be disclosed until the original producing party has had a reasonable opportunity to seek a protective order in the other action. This provision is appropriate; however, any reference to non-parties shall be stricken.

Paragraph 22

The last sentence of this paragraph states, "No person entitled to see or receive Confidential material under this Protective Order shall in fact see or receive such information unless he or she has an actual need to know that specific information for purposes of the conduct of this Action...." This provision is overly restrictive. Paragraph 19 sets forth who may view confidential material. That limitation is sufficient to protect

the confidentiality interests of the producing party. Setting forth a further "need to know" restriction is not only unnecessary, but it would be difficult to enforce and would probably require inquiry into attorney work product. The last sentence of paragraph 22 will therefore be stricken.

## IV.　CONCLUSION

Under the terms set forth above, Defendant's Motion for Protective Order [Docket #20] is GRANTED IN PART AND DENIED IN PART.

Within seven days of the date of this Order, Defendant will draft a proposed protective order consistent with this Opinion and Order, obtain Plaintiff's approval as to form, and efile the proposed order with this Court, for entry.

IT IS SO ORDERED.


　　　　　　　　　　　　　　　　S/R. Steven Whalen
　　　　　　　　　　　　　　　　R. STEVEN WHALEN
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

Dated:  July 13, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 13, 2010.

　　　　　　　　　　　　　　　　S/Gina Wilson
　　　　　　　　　　　　　　　　Judicial Assistant